UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY BLIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 15-cv-03031-KAW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2, 6, 7 |

The Court has received Plaintiff's complaint and application to proceed *in forma pauperis*, both filed in this Court on June 30, 2015. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Since Plaintiff appears to meet the requirements for IFP status, his request is GRANTED.

The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

It is impossible to discern from Plaintiff's complaint any of the essential details of the events that triggered this lawsuit, or the legal theories under which he seeks relief. Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court hereby dismisses Plaintiff's complaint with leave to amend. Plaintiff shall file an amended complaint no later than **August 7, 2015** or the case may be dismissed with prejudice.

Furthermore, based on subsequent filings—including two separate documents partially captioned as a "notice of appeal"— it appears that Plaintiff is attempting to appeal rulings in a state court case. (Dkt. Nos. 6 & 7.)  If that is true, the district court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1]  The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted).  An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).  Instead of seeking relief in federal district court, Plaintiff's only recourse for relief from a state court ruling or judgment is to appeal to the California Courts of Appeal.

Accordingly, if Plaintiff's complaint seeks to appeal a state court ruling, it is likely barred by the *Rooker-Feldman* doctrine, and he should not amend his complaint.  If not, Plaintiff shall file an amended complaint no later than **August 7, 2015**.

IT IS SO ORDERED.

Dated: July 20, 2015

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).