UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY BLIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 15-cv-03031-KAW<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; ORDER TERMINATING MOTION TO SUPPRESS AND PETITION FOR REVIEW**<br><br>Re: Dkt. Nos. 6, 7, 14 |

On July 20, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint with leave to amend.

On July 30, 2015, Plaintiff filed his first amended complaint. (First Am. Compl., "FAC," Dkt. No. 14.) The FAC, however, suffers from the same defects as the initial complaint, as it is impossible to discern any of the essential details of the events that triggered this lawsuit, or the legal theories under which he seeks relief. Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court hereby dismisses Plaintiff's first amended complaint with leave to amend. Plaintiff shall file a second amended complaint no later than **September 18, 2015** or the case may be dismissed with prejudice. The second amended complaint must clearly identify which causes of action Plaintiff is pursuing, and state those facts that show that he is entitled to relief. All factual allegations must be included in the complaint itself, rather than in attachments.

Furthermore, Plaintiff has filed a motion to suppress (Dkt. No. 6) and a notice of appeal/petition for review of the first district court order (Dkt. No. 7). As an initial matter, these are not proper motions in civil cases, and must be TERMINATED. Notwithstanding, as

previously observed by the undersigned, it appears that Plaintiff is attempting to appeal rulings in a state court case. (*See* Dkt. No. 7.) If that is true, the district court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163). Instead of seeking relief in federal district court, Plaintiff's only recourse for relief from a state court ruling or judgment is to appeal to the California Courts of Appeal.

Accordingly, Plaintiff's first amended complaint is dismissed with leave to amend, and he may file a second amended complaint by September 18, 2015. If he is attempting to appeal an order or judgment from a state court case, he should not amend, as the federal district court cannot rule on appeals from state court.

In amending his complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: August 31, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge