United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY BLIGHT, | No. C-15-3031 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING SECOND AMENDED COMPLAINT** |
| STATE OF CALIFORNIA, *et al.*, | |
| Defendants. | |
| _____/ | |

Plaintiff Harvey Blight, proceeding pro se, initiated this lawsuit in June 2015. His case was initially before Judge Westmore. Judge Westmore granted Mr. Blight's application to proceed in forma pauperis but dismissed his complaint pursuant to 28 U.S.C. § 1915(e), explaining that "[i]t is impossible to discern from Plaintiff's complaint any of the essential details of the events that triggered this lawsuit, or the legal theories under which he seeks relief." Docket No. 9 (Order at 1). She also noted that the *Rooker-Feldman* doctrine could be a bar to Mr. Blight's suit as, based on other filings in the record, Mr. Blight seemed to be "attempting to appeal rulings in a state court case." Docket No. 9 (Order at 2). Judge Westmore gave Mr. Blight leave to amend.

Mr. Blight subsequently filed a first amended complaint ("FAC"). Pursuant to a second § 1915(e) review, Judge Westmore dismissed the FAC because the pleading contained the same deficiencies as the original complaint. *See* Docket No. 16 (order). As before, however, Judge Westmore gave Mr. Blight leave to amend. Judge Westmore also referred Mr. Blight to resources such as the Pro Se Handbook and the Federal Pro Bono Project's Help Desk.

1     Mr. Blight filed a response to Judge Westmore's order on September 8, 2015, which this
2 Court construes as a second amended complaint ("SAC"). In the SAC, Mr. Blight declined to
3 consent to the jurisdiction of Judge Westmore and thus the case was reassigned to the undersigned.
4 At present, the obligation of this Court is to review Mr Blight's SAC pursuant to § 1915(e) – *i.e.*, to
5 determine whether the litigation of the case should continue.

6     Having reviewed the SAC, the Court has the same concerns as did Judge Westmore. More
7 specifically, the SAC as pled is confusing and difficult to understand. The most that the Court can
8 discern from the pleading is that Mr. Blight is unhappy with the decisions of the state courts in
9 several state court proceedings – for example, that they did not give him sufficient time to make
10 filings and that they declared him a vexatious litigant. It appears that Mr. Blight does seek relief
11 from this Court with respect to the state court orders.

12     That being the case, Mr. Blight's SAC must be dismissed for several reasons. First, to the
13 extent Mr. Blight seeks relief against the state courts, Eleventh Amendment immunity applies. *See*
14 *Blount v. Sacramento County Superior Court*, 559 Fed. Appx. 623, 623 (9th Cir. 2014) (stating that
15 "[d]ismissal of Blount's claims against the Sacramento County Superior Court was proper because
16 the court is entitled to immunity under the Eleventh Amendment"). Second, to the extent Mr. Blight
17 seeks monetary relief against the state court judges, Eleventh Amendment immunity applies if they
18 are sued in their official capacities, *see Mohiuddin v. Higa*, No. CV 14-3454-DDP(CW), 2015 U.S.
19 Dist. LEXIS 60134, at *5 (C.D. Cal. Jan. 15, 2015) (stating that "[s]uperior court judges are officers
20 of the superior court, and state officers named in an official capacity are also immune under the
21 Eleventh Amendment from suits for damages in federal court"), and judicial immunity if they are
22 sued in their individual capacities. *Id.* (stating that "[j]udges, named in an individual capacity, are
23 absolutely immune from suit for acts performed in a judicial capacity"). Third, to the extent Mr.
24 Blight seeks injunctive relief against the state court judges, Eleventh Amendment immunity may not
25 be a bar, *but see Hiramanek v. Clark*, No. C-13-0228 EMC, 2013 U.S. Dist. LEXIS 101450, at *24
26 (N.D. Cal. July 19, 2013) (noting that "the *Ex Parte Young* doctrine applies only where prospective
27 injunctive or declaratory relief is sought," but, "[h]ere, at least some of the injunctive or declaratory
28 relief sought in Plaintiffs' complaint seem to be for the purpose of addressing past harm, not present

or future harm"), but 42 U.S.C. § 1983 provides that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. No such showing was made here. Fourth, because Mr. Blight seems to be asking for relief from state court orders, the *Rooker-Feldman* doctrine is a bar. *See Hiramanek*, 2013 U.S. Dist. LEXIS 101450 , at *19-20 (stating that, "[a]lthough, in the case at bar, Plaintiffs are seeking damages, the critical point is that they are also seeking in effect to get relief from the state court rulings, and thus *Rooker-Feldman* is an obstacle"). Finally, on the merits, the Ninth Circuit has upheld California's vexatious litigant statute against a constitutional challenge. *See generally Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007). *But see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (noting that "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts").

Accordingly, the Court dismisses Mr. Blight's SAC. Because Mr. Blight has been given multiple opportunities to amend his pleadings but has still failed to state a claim for relief, the Court dismisses the SAC with prejudice (*i.e.*, Mr. Blight does not have leave to amend).

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

IT IS SO ORDERED.

Dated: September 22, 2015

_____
EDWARD M. CHEN
United States District Judge

3