UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY BLIGHT,<br>　　　　Plaintiff,<br>　　v.<br>STATE OF CALIFORNIA, et al.,<br>　　　　Defendants. | Case No. 15-cv-03031-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Docket No. 24 |

Previously, Plaintiff Harvey Blight, proceeding pro se, was granted in forma pauperis status but his complaint was dismissed pursuant to reviews by Judge Westmore and the undersigned pursuant to 28 U.S.C. § 1915(e). His case was dismissed with prejudice after the undersigned determined that his second amended complaint ("SAC") was deficient, *e.g.*, because it failed to state a claim for relief and because immunities applied. *See* 28 U.S.C. § 1915(e) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted or (iii) seeks monetary relief against a defendant who is immune from such relief"). A final judgment in the case was entered on September 22, 2015.

On October 29, 2015, Mr. Blight filed a document captioned: "Petition for reversal and review of 9/22/15 order of dismissal/based on immunity standard; and also based on disqualification of prejudicial conduct; based on jurisdictional parameters. Health conditions prevented and interfered with the normal pursuit of jurisdictional timelines." Because Mr. Blight is proceeding pro se, the Court shall construe this pending filing as (1) a motion for reconsideration and (2) a notice of appeal.

To the extent Mr. Blight's filing is a motion for reconsideration, the Court denies the motion. (For purposes of this order, the Court assumes that the motion may be considered either a motion to alter or amend the judgment, *see* Fed. R. Civ. P. 59(e),[1] or a motion for relief from the judgment. *See* Fed. R. Civ. P. 60(b).)

The Court denies the motion because it is not persuaded by Mr. Blight's contention that a legal error was made in its assessment of his SAC. It was the Court's obligation to review the SAC, as required by § 1915(e). The fact that the Court dismissed the case without a hearing is immaterial. Due process requires notice and an opportunity to be heard. *See SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003) ("Due process includes notice 'reasonably calculated, under all the circumstances, to apprise interested parties' of the proceeding, and an opportunity to be heard."). Notice and an opportunity to be heard were afforded to Mr. Blight here. Judge Westmore reviewed both Mr. Blight's original complaint and first amended complaint ("FAC") and explained why the pleadings were lacking. Mr. Blight was given an opportunity to file a SAC to cure the deficiencies in his pleading. While he filed a SAC, the same basic deficiencies remained.

The Court also notes that, in his papers, Mr. Blight essentially confirms that his case is barred by the *Rooker-Feldman* doctrine as he refers to his case being an "appeal . . . taken from state level to federal level." Pet. at 2; *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("To determine whether the *Rooker-Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision. A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'").

Finally, the Court notes that, to the extent Mr. Blight has moved to disqualify the undersigned from ruling on his motion, he has stated no valid reason to disqualify. The fact that

---

[1] A motion made pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Mr. Blight did not file his motion within this timeframe but seems to suggest that he should be excused from the deadline because his health condition prevented him from timely filing. For purposes of this order, the Court assumes that equitable tolling is applicable *and* that Mr. Blight has health problems, as claimed in his papers but without any corroborating evidence.

2

Mr. Blight is not satisfied with the undersigned's ruling is not a legitimate basis to disqualify. *See, e.g.*, *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("not[ing] that the district judge properly rejected Sibla's request for recusal pursuant to 28 U.S.C. § 144" because "[a]n affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source*") (emphasis added).

Accordingly, the Court hereby denies Mr. Blight's request for relief.

That being said, because the Court also deems Mr. Blight's filing a notice of appeal, **the Court orders the Clerk of the Court to forward a copy of Mr. Blight's filing to the Ninth Circuit, along with a copy of this order**.

This order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: November 4, 2015

_____
EDWARD M. CHEN
United States District Judge

3